IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| HASSAN AYYOUBI, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-111-KC |
| § | |
| MARY DE ANDA-YBARRA et al., § | |
| § | |
| Respondents. § | |

**ORDER**

On this day, the Court considered the case. Hassan Ayyoubi, an Iranian national subject to a final order of removal, filed a Petition for a Writ of Habeas Corpus, ECF No. 1. In answer to the Court's Show Cause Order, ECF No. 3, Respondents filed their Response, ECF No. 4, in opposition to Ayyoubi's Petition.

Ayyoubi alleges that he has been detained for more than seven months since his removal order became final in June 2025. Pet. 1 ¶ 2. And that ICE has failed to remove him to Iran on at least two, possibly three, occasions due to his chronic medical conditions which make his removal medically impossible. *Id.* at 2 ¶¶ 3–7. The Court found that "[i]f these allegations are true, Ayyoubi likely meets his burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" Show Cause Order 3 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)). Respondents had to "rebut this showing by either demonstrating that Ayyoubi's removal is likely in the reasonably foreseeable future or deporting him." *Id.*

Respondents state that "Ayyoubi has no known chronic medical conditions that would prevent removal." Resp. Ex. A ("Garite Decl.") ¶ 8, ECF No. 4-1. In fact, on January 21, he

was transferred from "El Paso, Texas to Florence Staging Facility in Arizona for staging in preparation for a charter removal flight on January 25, 2026." *Id.* ¶ 6.  However, as a result of an outbreak of a contagious disease at that facility, all detainees were quarantined, including Ayyoubi, and thus "Ayyoubi was not medically cleared for travel on January 25." *Id.* ¶ 7. Respondents plan to transfer Ayyoubi to a different detention facility and are exploring options to remove him on a commercial flight, as he has an unexpired Iranian passport. *See id.* ¶¶ 9–11. As for the delay in removing Ayyoubi since his removal order became administratively final, it appears that this may, in part, be explained by Ayyoubi's multiple motions to reopen his immigration proceedings. *See id.* ¶ 5.

In sum, Respondents demonstrate that Ayyoubi would have been removed on January 25, but for quarantine conditions at the facility, and that he can be removed on a commercial flight because he has an unexpired Iranian passport.  Thus, it does not appear that there are any barriers to Ayyoubi's imminent removal.

Accordingly, the Court **ORDERS** that Respondents shall provide a status report **by no later than February 12, 2026**, detailing the following:

(1) whether Ayyoubi has been removed to Iran, and if so, the date on which he was removed; and

(2) if Ayyoubi has not been removed to Iran, why he has not been removed and the date on which he is scheduled to be removed by charter or commercial flight.

**SO ORDERED.**

SIGNED this 30th day of January, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE